***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefore, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's Affidavit alleges that defendant, through the named correctional *Page 2 
officers, unlawfully searched plaintiff's wife during her visit to plaintiff's place of incarceration, charged plaintiff with a disciplinary offense and defamed and slandered plaintiff's name based on the above visitation incident.
2. Defendant moved to dismiss plaintiff's claim on several grounds, including: (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure because the allegations of the affidavit, if taken as true, allege intentional acts and constitutional violations by employees of the State, and as such are not proper jurisdiction for a tort claims action; (2) for failure to state a claim upon which relief can be granted in that plaintiff's allegations are not sufficient to establish that the injuries sustained were the proximate result of a negligent act of named state employees acting within the course and scope of his employment pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure; and (3) frivolousness of plaintiff's claim.
4. The Full Commission finds that plaintiff is alleging intentional acts and constitutional violations committed by employees of the State.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 3 
3. Plaintiff's allegations in the Affidavit and at the motion hearing, even if taken as true, amount to allegations of intentional acts and constitutional violations on the part of the defendant.
4. Claims based on intentional acts and constitutional violations are not within the scope of the Tort Claims Act. N.C. Gen. Stat. §143-291(a); Guthrie v. State Ports Authority, 307 N.C. 522,299 S.E.2d 618 (1983). Therefore, the Industrial Commission lacks jurisdiction over claims of intentional acts and constitutional violations.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. That plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
 This the 5th day of March, 2007. S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 4 
 S/_____________ PAMELA T. YOUNG COMMISSIONER *Page 1